In the Matter of the Estate of CONNIE COLLINS, Deceased, RAT COLLINS, Appellant, v. MOSIE LEE JOHNSON, Administratrix of the Estate of Connie Collins, deceased, Respondent.

No. 16488

March 5, 1986                                    714 P.2d 1006

*R. Paul Sorenson,* Las Vegas, for Appellant.

*Gladstone & Stark, Frank Sorrentino,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This appeal involves the probate of two wills, a holographic will and a formally witnessed will, both of which appear on the same sheet of paper. The petition for probate, filed by respondent Johnson, seeks probate of the holographic will. Notice of the petition to probate the holographic will was sent to the wrong address and was never received by appellant Collins, the deceased's husband. Notwithstanding the fact that the holographic will in this record is void on its face, not being dated, in the deceased's handwriting, the holographic will was admitted by the court into probate. Later the witnessed will (which was on the same sheet of paper as the supposed holographic will) was admitted into probate by way of a "nunc pro tunc order." There is no petition on file for the admission of this will.

Appellant Collins found out about these proceedings after Johnson filed her petition for distribution. He claims that the holographic will is invalid on its face and that the order admitting the witnessed will was void because of lack of notice.

Without elaborating on the facts of this case we note that neither the holographic will nor the witnessed will was properly admitted to probate in accordance with the applicable statutory provisions.

There are two claimants to the estate of the deceased, Connie Collins, namely, her husband, appellant Collins, and her niece, Mosie Johnson, who claims under the wills. Since the proceedings already conducted are of no effect, the orders entered below are reversed and the parties may proceed in the district court to assert their respective claims in the manner provided in the probate code.